Paul Howard TILLEY, Plaintiff–
Appellant,

v.

Michael J. ASTRUE, Commissioner,
Social Security Administration,
Defendant–Appellee.

No. 12–7021.

United States Court of Appeals,
Tenth Circuit.

Nov. 20, 2012.

Paul Howard Tilley, Okemah, OK, pro
se.

Roberta Gene Bowie, Social Security
Administration, Office of the General
Counsel, Dallas, TX, Cheryl R. Triplett,
Office of the United States Attorney, Mus-
kogee, OK, for Defendant–Appellee.

Before LUCERO, TYMKOVICH, and
HOLMES, Circuit Judges.

### ORDER AND JUDGMENT[*]

CARLOS F. LUCERO, Circuit Judge.

Paul Howard Tilley, proceeding pro se,
appeals from the district court's order up-
holding the Commissioner's decision that
his supplemental security income ("SSI")
should be reduced by the amount of his
disability insurance benefits ("DIB"). Ex-
ercising jurisdiction under 28 U.S.C.
§ 1291 and 42 U.S.C. § 405(g), we affirm.

"We review the district court's decision
de novo and independently determine
whether the ALJ's decision is free from
legal error and supported by substantial
evidence." *Fischer–Ross v. Barnhart*, 431
F.3d 729, 731 (10th Cir.2005).

In 2007, Tilley was awarded both SSI
and DIB by an administrative law judge
("ALJ"). However, 42 U.S.C. § 1382a(b)
requires that SSI be reduced by certain
types of other income that are not specifi-
cally excluded. *See also* 20 C.F.R.
§ 416.413. DIB funds are considered in-
come that must be offset from SSI bene-
fits. 42 U.S.C. § 1382a(a)(2)(B); *see also*
20 C.F.R. §§ 416.1121, 416.1124. Accord-
ingly, the agency reduced Tilley's SSI ben-
efits by the amount of his DIB funds.
Tilley objected and asked for a formal
hearing before an ALJ.

Prior to the hearing, Tilley submitted a
list of witnesses that he wanted to call.
He included the president, several mem-
bers of Congress, and various national and
local television reporters and anchors.
Declining to subpoena any of the wit-
nesses, the ALJ explained that "looking at
the nature of the appeal there was no
reason to [issue the subpoena].... I don't
see ... a mistake." The ALJ denied the
appeal and the Appeals Council denied
review.

Tilley filed a complaint in district court.
The magistrate judge to whom the matter
was referred issued a report and recom-
mendation to affirm the ALJ's decision.
Over Tilley's objections, the district court
adopted the magistrate judge's report and
recommendation. This appeal followed.

There is no question that the ALJ cor-
rectly applied the law in upholding the
Commissioner's decision that Tilley's SSI
should be reduced by his DIB. Further,
Tilley has failed to explain how the ALJ's
refusal to subpoena his witnesses violated
his due process rights. Finally, because

---

[*] After examining the briefs and appellate rec-
ord, this panel has determined unanimously
that oral argument would not materially assist
the determination of this appeal. *See* Fed.
R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without
oral argument. This order and judgment is
not binding precedent, except under the doc-
trines of law of the case, res judicata, and
collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed.
R.App. P. 32.1 and 10th Cir. R. 32.1.

our review is limited to whether the ALJ's decision is supported by substantial evidence and whether he correctly applied the law, we lack the authority to investigate Tilley's claims of illegal surveillance or to interview witnesses.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**